UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN STOWERS, | No. 2:18-cv-2177 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| HRABKO, | |
| Defendant. | |

    Plaintiff is a state prisoner proceeding pro se. Plaintiff alleges defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In an order and findings and recommendations filed October 15, 2020, this court recommended defendant's motion for summary judgment be granted on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing this suit. In addition, this court addressed a motion to compel plaintiff appended to his opposition to the summary judgment motion. This court denied the motion to compel defendant to further respond to requests for admissions and requests for the production of documents. (ECF No. 55.)

    Plaintiff again seeks to compel defendant to respond to the same requests for admissions and request for production of documents addressed in the motion plaintiff made previously. Because this court had permitted plaintiff to make the present motions (see ECF No. 55 at 2 n. 2),
////

1

this court will grant plaintiff's request for an extension of time to file the motions to compel, finds no response necessary from defendant, and considers those motions herein.

## MOTION TO COMPEL ADMISSIONS

In his first motion, plaintiff seeks to compel further responses to requests for admissions 13, 14, 15 and 16. (ECF No. 57.)

**Request No. 13** – "Please admit or deny that incarcerated individuals (inmates) are not required to fully exhaust administrative remedies in certain circumstances."

Defendant objected to this request on numerous grounds. This court previously held that the request was improper because a party may not request an admission of a legal conclusion. Fed. R. Civ. P. 36(a)(1) (limiting subjects upon which admissions may be sought); In re Tobkin, 578 F. App'x 962, 964 (11th Cir. 2014). This court further noted that any response by defendant to request no. 13 would not affect this court's consideration of the legal exceptions to the exhaustion requirement. In sum, plaintiff's request seeks information that is not relevant to this court's determination of whether or not plaintiff exhausted his administrative remedies. Plaintiff's renewed motion provides no basis to hold otherwise.

**Request No. 14** – "Please admit or deny that the suggestion that Mr. Stowers should seek further review on his Health Care Appeal (HC 602) concerned an anticipated action and not the issue of deliberate indifference by Dr. Harabako [sic]."

Defendant again objected on numerous grounds. In the October 15 order, this court found valid defendant's objection that the request was ambiguous and calls for speculation. Dr. Hrabko did not author the institutional response to plaintiff's health care appeal and cannot be charged with interpreting its meaning. Even had defendant attempted a more substantive response to this request, it would not have affected this court's consideration of the issues involved in plaintiff's argument that he should be excused from the exhaustion requirement. In other words, the request sought information irrelevant to the motion for summary judgment. Plaintiff makes no new arguments that would change that conclusion.

**Request No. 15** – "Please admit or deny that *Ogo v. City of Torrance*, 37 Cal.App. 3d 830; *White v. CA*, 195 Cal.App. 3d 452; *In re Dexter*, 25 Cal. 3d 921; *In re Arias*, 42 Cal. 3d 667;

*Bockover v. Perko*, 28 Cal.App. 4th 479; and *In re Serna*, 76 Cal.App. 3d 1010, explains six (6) different instances where an inmate is not required to fully exhaust his or her administrative remedies."

Defendant again objected that the request sought a legal opinion. This court previously agreed with that assessment and nothing about plaintiff's current motion changes this court's opinion. Plaintiff may not seek a legal conclusion by way of requests for admissions. Plaintiff's request does not seek information relevant to defendant's motion for summary judgment.

**Request No. 16** – "Please admit or deny that Plaintiff was not required to fully exhaust his administrative remedies before filing this suit."

Again, plaintiff seeks a legal conclusion from this request. And, again, this court found previously, and finds again, that any response to the request would not affect this court's analysis of the issues raised by defendant's motion for summary judgment.

## MOTION TO COMPEL DOCUMENTS

Plaintiff moves to compel responses to two requests for the production of documents.

**Request No. 7** – "Please provide copies of any and all documents concerning any CDCR appeals filed by inmates against the Defendant in the past five years."

Defendant interposed numerous objections to that request. However, defendant also provided plaintiff with a substantive response. (See ECF No. 58 at 8 ("Defendant produces responsive documents as Exhibit D."). Plaintiff has not provided a copy of that substantive response. Therefore, this court is unable to determine its reasonableness.

In any event, it appears from plaintiff's argument that defendant asserted that there were no other grievances against him during the relevant time period. Plaintiff argues that it is "hard to believe" there are no other grievances. Plaintiff's surprise is not grounds to compel a further response.

**Request No. 17** – "Please provide copies of any documents requiring Plaintiff to exhaust administrative remedies prior to filing this lawsuit."

Defendant objected on numerous grounds, including that plaintiff was asking defendant to do his legal research. Defendant then directed plaintiff to the California Code of Regulations

("CCR") and Department Operations Manual ("DOM") and informed plaintiff that both could be found in the prison law library. As this court held in its prior order, plaintiff's complaint that neither publication states that prisoners must exhaust their administrative remedies before they file a lawsuit is not correct. As discussed in that order, the CCR sets out the requirements for exhaustion and plaintiff has provided no competent evidence that it was unavailable to him in the law library in 2018 when he submitted his grievance.

In sum, plaintiff fails to provide any new arguments that would change this court's prior opinion that his motions to compel should fail. Plaintiff also seeks sanctions against defendant in both motions. Because this court finds plaintiff's motions without merit, his requests for sanctions are denied.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 56) is granted. Plaintiff's motions to compel are deemed timely filed.

2. Plaintiff's motion to compel admissions (ECF No. 57) is denied.

3. Plaintiff's motion to compel production of documents (ECF No. 58) is denied.

4. Plaintiff's motions for sanctions (ECF Nos. 57, 57) are denied.

Dated: October 26, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/stow2177.mtcs or(2)